## HERMAN LEVINE
### *vs.*
## UNION & NEW HAVEN TRUST CO.

Superior Court          New Haven County          File No. 57505

127 Conn. 435          MEMORANDUM FILED APRIL 1, 1940.

*Herman Levine*, of New Haven, for the Plaintiff.

*William J. Carrig* and *Samuel H. Platcow*, of New Haven, for the Defendant.

WYNNE, J.   The premises in question being sufficiently described as a tenement house within the definition of the stat-ute, the defendant owed a duty to keep all parts of the same in good repair.   In interpreting this duty the Supreme Court has incorporated the element of the exercise of reasonable care for the acquiring of knowledge of defective conditions derived from a reasonable inspection.

That the fire escape was used as a means of ingress and egress for tradespeople there is no doubt.   Nor is there doubt in the court's mind that the tread gave way as plaintiff stepped on it.   Why it gave way is not clear.   Unfortunately for the plaintiff this is the very crux of his case.

The doctrine of *res ipsa loquitur* is of no avail.   As has been pointed out, this doctrine means no more than a holding that negligence is more probable than not.   Give to it the most elastic limits possible, the defendant eliminates any legal sig-nificance by a showing of frequent inspection and of regular attention to the apparent good condition of the fire escape.

The plaintiff relies on a showing of a defective condition or of improper construction.   The evidence falls short of showing that the bolts had so disintegrated as to have been apparent by any reasonable inspection shown to have been required.   There was no basis furnished upon which the court could predicate a finding as to what was a reasonable inspection.   There was no evidence as to the age of the fire escape.   There was no evi-dence that its construction was other than safe structually. There was no evidence that the tread in question was other than adequately fastened.   In fact, it was not shown that there

was any structual difference between this particular tread and the others, although such an inference was made. There was no evidence as to the recognized ravages of climate on such iron work.

On the other hand there was evidence that in 1937 and in 1935 the fire escape had been painted. There was evidence that Mr. Dixon and the janitor frequently used and inspected the fire escape. For all that appears in the case this sort of inspection was all that could reasonably be required. There was no evidence from which the court could find that the in-herent nature of the structure called for any inspection other than a casual inspection to discover whether any part was loose or shaky. The court has no basis for holding that a reasonable inspection called for tapping the bolts or rivets. That it ap-peared to be safe and secure there can be no doubt. Even the bolt offered by the plaintiff as an exhibit shows a painted sur-face in good condition. The court is satisfied that the bolt did come from the structure.

Mr. Doody's testimony when further evidence was permitted, could not be held to apply to the situation here presented. It was clear that he had no experience nor equipment to pass upon the relative duties of property holders in connection with structural iron work. All he was qualified to do was to testify regarding the technique of a professional test for possible re-pairs. This is quite a different thing than an offered measure of the responsibility of a defendant like the one here in court.

What caused the step to collapse is still a mystery. It could have been due to mischief or to sabotage for aught that appears. Or it could, like the wonderful one-hoss shay, have just reached the end of its life. In any event the defendant has not been shown to have been derelict in its duty.

The plaintiff was seriously hurt without fault on his part. He had the right to use the fire escape in the manner he did. He was unable to show that the step was defective in any way that would have been disclosed by any standard of reasonable inspection that the court would be justified in adopting.

Judgment must be, and is, entered for the defendant.